UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. HOHMANN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROB ST. ANDRE, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-3467 CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

　　Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

///

For the following reasons, plaintiff is ordered to show cause why this action should not be dismissed for failure to exhaust administrative remedies.

**II. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### III.  BACKGROUND

Plaintiff filed his complaint on December 5, 2024 in the United States District Court for the Northern District of California. (ECF No. 1.) On December 11, 2024, the United States District Court for the Northern District of California transferred this action to this court. (ECF No. 5.)

Named as defendants are High Desert State Prison ("HDSP") Warden Rob St. Andre and the HDSP Trust Account Office. (ECF No. 1 at 2.) Plaintiff alleges that he is a disabled veteran of the United States Coast Guard. (Id.) The Department of Veteran's Affairs recently awarded plaintiff compensation for his service. (Id. at 2-3.) The Department of Treasury sent four checks to HDSP in plaintiff's name. (Id. at 3.) Defendant HDSP Trust Office is refusing to cash the checks sent to plaintiff by the Department of Treasury. (Id.) The first check arrived in August 2024 and plaintiff has received three more checks since that time. (Id.) Plaintiff's fiancé, who has power of attorney over plaintiff's affairs, contacted the prison to have the checks turned over to her. (Id.) The prison denied this request by plaintiff's fiancé. (Id.) Plaintiff contacted the Department of Veteran's Affairs to change the address where plaintiff's checks are sent, but plaintiff has received no response to this request. (Id.) As relief, plaintiff requests that all checks addressed to him from the Department of Treasury be cashed into plaintiff's trust account or the checks be released to plaintiff's fiancé. (Id.)

In his complaint, plaintiff states that there is a grievance procedure at HDSP but that plaintiff did not present the facts raised in his complaint for review through the grievance procedure. (Id. at 1.) Plaintiff states that he did not present his claim for review through the grievance procedure because his claim "is time sensitive at this point in time. The Treasury checks being withheld by the trust account office at the prison need to be cashed within 180 days of being drafted." (Id. at 2.)

### IV.  LEGAL STANDARDS REGARDING ADMINISTRATIVE EXHAUSTION

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit.  See Jones v. Bock, 549 U.S. 199, 211 (2007).  The exhaustion requirement applies to all prisoner suits relating to prison life.  See Porter v. Nussle, 534 U.S. 516, 532 (2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint."  Booth v. Churner, 532 U.S. 731, 736 (2001); see also Ross v. Blake, 578 U.S. 632, 643 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.  The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued."  Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016) (citations and internal quotation marks omitted).

As discussed in Ross, there are no "special circumstances" exceptions to the exhaustion requirement.  578 U.S. at 639.  The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner."  Id.  The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.  See 532 U.S., at 736, 738....
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use....
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.... As all those courts

> have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. [Footnote omitted.] And then, once again, § 1997e(a) poses no bar.

Id. at 643-44.

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

**V. ANALYSIS**

It is clear from the face of the complaint that plaintiff did not exhaust available administrative remedies prior to filing this action. Accordingly, plaintiff is ordered to show cause why this action should not be dismissed for failure to exhaust administrative remedies. This Court notes that the dismissal would be without prejudice. Therefore, if plaintiff exhausts his administrative remedies in the future, he could refile the complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within thirty days of the date of this order, plaintiff shall show cause why this action should not be dismissed for failure to exhaust administrative remedies; failure to respond to this order will result in a recommendation of dismissal of this action.

Dated: December 18, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hohm3467.56/2