UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. HOHMANN, | No. 2:24-cv-3467 CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ROB ST.ANDRE, et al., | |
| Defendants. | |

**I. INTRODUCTION**

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, this Court recommends dismissal of this action based on failure to exhaust administrative remedies.

**II. SCREENING STANDARDS**

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
6  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
7  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
8  1227.
9       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
10 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
11 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
12 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
13 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
14 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
15 sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.
16 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
17 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
18 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
19 quotations marks omitted). In reviewing a complaint under this standard, the court must accept as
20 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
21 pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236
22 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**III. BACKGROUND**

24     Plaintiff filed his complaint on December 5, 2024 in the United States District Court for
25 the Northern District of California. (ECF No. 1.) On December 11, 2024, the United States
26 District Court for the Northern District of California transferred this action to this court. (ECF
27 No. 5.)
28     Named as defendants are High Desert State Prison ("HDSP") Warden Rob St. Andre and

the HDSP Trust Account Office. (ECF No. 1 at 2.) Plaintiff alleges that he is a disabled veteran of the United States Coast Guard. (Id.) The Department of Veteran's Affairs recently awarded plaintiff compensation for his service. (Id. at 2-3.) The Department of Treasury sent four checks to HDSP in plaintiff's name. (Id. at 3.) Defendant HDSP Trust Office is refusing to cash the checks sent to plaintiff by the Department of Treasury. (Id.) The first check arrived in August 2024 and plaintiff has received three more checks since that time. (Id.) Plaintiff's fiancé, who has power of attorney over plaintiff's affairs, contacted the prison to have the checks turned over to her. (Id.) The prison denied this request by plaintiff's fiancé. (Id.) Plaintiff contacted the Department of Veteran's Affairs to change the address where plaintiff's checks are sent, but plaintiff has received no response to this request. (Id.) As relief, plaintiff requests that all checks addressed to him from the Department of Treasury be cashed into plaintiff's trust account or the checks be released to plaintiff's fiancé. (Id.)

In his complaint, plaintiff states that there is a grievance procedure at HDSP but that plaintiff did not present the facts raised in his complaint for review through the grievance procedure. (Id. at 1.) Plaintiff states that he did not present his claim for review through the grievance procedure because his claim "is time sensitive at this point in time. The Treasury checks being withheld by the trust account office at the prison need to be cashed within 180 days of being drafted." (Id. at 2.)

**IV.  LEGAL STANDARDS REGARDING ADMINISTRATIVE EXHAUSTION**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. See Jones v. Bock, 549 U.S. 199, 211 (2007). The exhaustion requirement applies to all prisoner suits relating to prison life. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any

action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736 (2001); see also Ross v. Blake, 578 U.S. 632, 643 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016) (citations and internal quotation marks omitted).

As discussed in Ross, there are no "special circumstances" exceptions to the exhaustion requirement. 578 U.S. at 639. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738....
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use....
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.... As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. [Footnote omitted.] And then, once again, § 1997e(a) poses no bar.

Id. at 643-44.

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

**V. ANALYSIS**

On December 19, 2024, this Court issued an order finding that it was clear from the face of the complaint that plaintiff did not exhaust available administrative remedies prior to filing this action. (ECF No. 8.) This Court ordered plaintiff to show cause within thirty days why this

4

action should not be dismissed for failure to exhaust administrative remedies. (Id.)

On January 13, 2025, plaintiff filed a response to the order filed December 19, 2024. (ECF No. 12.) Plaintiff states that he submitted multiple GA-22 forms beginning in October 2024 but did not receive any of these forms back. (Id. at 1.) Attached to plaintiff's pleading are two GA-22 Inmate Request for Interview forms dated November 25, 2024 and November 26, 2024. (Id. at 12-15.) The form dated November 25, 2024 is addressed to the Trust Account Office and requests that plaintiff's checks from the Department of Treasury be sent to plaintiff's fiancé. (Id. at 12-13.) The form dated November 26, 2024 is also addressed to the Trust Account Office and requests that the funds sent to plaintiff from the Department of Treasury be released. (Id. at 14-15.) Neither of the GA-22 Request for Interview forms contains a response from prison officials. (Id. at 12-15.) GA-22 Inmate Request for Interview forms do not exhaust administrative remedies. In California, administrative grievances must be prepared on CDCR 602 forms. See Cal. Code Regs. tit. 15, § 3482(c).

In the January 13, 2025, response, plaintiff alleges that he is 100% mentally disabled and does not have the mental capacity to deal with the 602 appeal process and the subsequent retaliation that comes from CDCR staff while trying to exhaust administrative remedies. (ECF No. 12 at 1.) Plaintiff alleges that he is afraid of further retaliation. (Id.) Plaintiff alleges that he has been retaliated against in the past for using the 602 grievance process. (Id. at 1-2.) Plaintiff alleges that in the past, he lost privileges in retaliation for using the 602 grievance process. (Id.) Plaintiff alleges that he did not include copies of his previous 602s because the correctional officers go over everything that plaintiff puts in the envelope. (Id.) Plaintiff alleges that he is worried to write his response to the December 19, 2024 order because of what might happen. (Id.) Plaintiff states that he is referencing grievance nos. 463221 and 531308. (Id.) Plaintiff states that if the Court will not allow this action to move forward, plaintiff will pay the $350 filing fee. (Id.)

This Court finds that plaintiff's claims of past retaliation for filing 602 grievances undermines plaintiff's claim that he does not have the mental capacity to deal with the 602 appeal process. Turning to plaintiff's fear of retaliation were he to file an administrative grievance, "a

prisoner is excused from the exhaustion requirement in circumstances where administrative remedies are effectively unavailable, including circumstances in which a prisoner has reason to fear retaliation for reporting an incident." Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 792 (9th Cir. 2018) (citing McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015)). "In order for a fear of retaliation to excuse the PLRA's exhaustion requirement, the prisoner must show that (1) 'he actually believed prison officials would retaliate against him if he filed a grievance'; and (2) 'a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance.'" Id. (quoting McBride, 807 F.3d at 987).

Assuming that plaintiff demonstrated that he actually believes prison officials will retaliate against him if he files a grievance, this Court finds that plaintiff fails to demonstrate that his fear of retaliation is objectively reasonable. While plaintiff alleges that he lost privileges for filing a grievance, plaintiff does not allege when this occurred or describe any of the circumstances surrounding the alleged retaliation. While plaintiff identifies two grievances by number for which he was allegedly retaliated against for filing, plaintiff does not describe these grievances, when they were filed, or the retaliation he allegedly suffered for filing these grievances. Plaintiff's conclusory assertions of retaliation are insufficient to demonstrate that prison officials rendered administrative remedies unavailable to plaintiff. See Rodriguez, 891 F.3d at 794 ("If the appellees in this case had alleged only general and unsubstantiated fears about possible retaliation, as appellants claim, we would hold that they had not exhausted their administrative remedies."). In making this finding, this Court observes that in the complaint, plaintiff excused his failure to exhaust administrative remedies on the grounds that his claim was time sensitive. (ECF No. 1 at 2.) Plaintiff did not claim that fear of retaliation prevented him from exhausting administrative remedies.

For the reasons discussed above, this Court recommends that this action be dismissed because plaintiff's failure to exhaust administrative remedies is clear from the face of plaintiff's complaint. Plaintiff is informed that even were he to pay the filing fee, this action would still be

dismissed based on his failure to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed based on plaintiff's failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 22, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hohm3467.dis/2

7